**BILLY J. WILLIAMS, OSB #901366**
Acting United States Attorney
District of Oregon
**JARED HAGER, WSB #38961**
jared.hager@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
        Attorneys for Applicant

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN RE LETTER OF REQUEST FROM CIVIL COURT OF FIRST INSTANCE OF SAPANCA, TURKEY | CASE NO. 3:15-CV-01326<br><br>APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY |

### APPLICATION

The United States of America, by Billy J. Williams, Acting United States Attorney for the District of Oregon, and through Jared Hager, Assistant United States Attorney for the District of Oregon, petitions this Court pursuant to 28 U.S.C. § 1782 for an order appointing a magistrate judge as commissioner and compelling Wells Fargo Bank, with registered agent at 1127 Broadway Street NE, Suite 310, Salem, Oregon 97301, to produce evidence for use in a proceeding in the Civil Court of First Instance of Sapanca, a court of the Republic of Turkey.

PAGE 1    APPLICATION FOR ORDER APPOINTING COMMISSIONER AND
         COMPELLING DISCOVERY

I.   **INTRODUCTION**

The United States is obliged by multilateral treaty to assist judicial authorities of signatory states that need evidence located in the United States for use in judicial proceedings. This application follows a letter of request issued to the U.S. Office of International Judicial Assistance by the Civil Court of First Instance of Sapanca, a Turkish court,[1] pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the Hague Convention).[2] The evidence sought is account information held by Wells Fargo Bank in the District of Oregon. The information is subject to no legal privilege and would be routinely discoverable in domestic U.S. litigation. However, Wells Fargo will not comply absent an order from this Court. The United States therefore asks this Court for an order pursuant to 28 U.S.C. § 1782 appointing a magistrate judge as commissioner and compelling Wells Fargo to respond to the Turkish court's request.

II.  **FACTS**

To assist in an action of debt between Nil Kurtdarcan and Karoline Maria Theresia Aktar, the Civil Court of First Instance in Sapanca, Turkey, has requested the following information from Wells Fargo:

1. The first balance of account number 0844-6788492 at the opening date and the last balance at the closing date;

2. The expenses on the account made by either Mr. Kurtdarcan or Ms. Aktar between January 1, 2002, and December 31, 2004; and

3. Documentation of expenses made between January 1, 2002, and December 31, 2004.

(*See* Ex. A, Turkish Court's Letter of Request.)

---

[1] The Turkish court's letter of request, officially translated by a sworn and certified court translator, dated September 11, 2013, is attached as Exhibit A to the Declaration of Jared Hager.
[2] A copy of the Hague Convention is attached as Exhibit B to the Declaration of Jared Hager.

PAGE 2     APPLICATION FOR ORDER APPOINTING COMMISSIONER AND
           COMPELLING DISCOVERY

On March 24, 2014, the Turkish court sent its request to the U.S. Office of International Judicial Assistance (OIJA), which serves as the central authority for the United States under the Hague Convention. After confirming the Turkish court's request was properly executable, the OIJA delegated it to the United States Attorney's Office for the District of Oregon (Oregon USAO), where the target, Wells Fargo, resides.[3] The OIJA instructed the Oregon USAO to execute the Turkish court's request, including by compelling Wells Fargo to produce the evidence if necessary. (*See* Ex. C, OIJA Letter, at p. 1 & att. at p. 5.)

On January, 8, 2015, the Oregon USAO contacted Wells Fargo's registered agent in the District of Oregon to request voluntary compliance with the Turkish court's request.[4] Following a phone conversation, on January 27, 2015, Wells Fargo responded in writing that it would comply only after receiving a court order to produce information related to customer accounts.[5] Wells Fargo also advised that it generally has a 7 year retention period for account documents, and may not have documents from 2002 to 2004. (Ex. E, Wells Fargo Email.)

## III. LEGAL DISCUSSION

### A. THE HAGUE CONVENTION REQUIRES THE UNITED STATES TO ASSIST JUDICIAL AUTHORITIES OF CONTRACTING STATES IN OBTAINING EVIDENCE FOR USE IN JUDICIAL PROCEEDINGS

The Hague Convention permits a judicial authority of a contracting state to request evidence for use in a judicial proceeding from the competent authority of another contracting state. (Ex. B, Hague Convention, art. 1.) In executing a request, the Convention requires the receiving state to "apply the appropriate measures of compulsion in the instances and to the same extent as are

---

[3] The OIJA's letter of request to the Oregon USAO, dated March 24, 2014, attaching general instructions, is attached as Exhibit C to the Declaration of Jared Hager.
[4] The Oregon USAO's letter of request to Wells Fargo, dated January 8, 2015, is attached as Exhibit D to the Declaration of Jared Hager.
[5] Wells Fargo's email response to the USAOR, dated January 27, 2015, is attached as Exhibit E to the Declaration of Jared Hager.

PAGE 3     APPLICATION FOR ORDER APPOINTING COMMISSIONER AND
           COMPELLING DISCOVERY

provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings." (Ex. B, Hague Convention, art. 10.)

The United States and Turkey are both contracting states to the Hague Convention. The United States ratified the Convention on August 8, 1972, and it entered into force on October 7, 1972. *See* 23 U.S.T. 2555, T.I.A.S. No. 7444, 1972 WL 122493 (U.S. Treaty); *see generally In re Futurecorp International Pty Ltd.*, 2012 WL 5818288 (N.D. Cal. 2012) (granting *ex parte* application to take discovery pursuant to Hague Convention request for international judicial assistance and 28 U.S.C. § 1782). Turkey ratified the Convention on August 13, 2004, and it entered into force on October 12, 2004. *See* Hague Conference on Private International Law, *Status Table for Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at http://www.hcch.net/index_en.php?act=conventions.status&cid=82 (last visited July 15, 2015).

The Turkish court's request complies with the Convention's requirements. A Hague Convention request must include four pieces of information:

1. The requesting authority's identity;
2. The names and addresses of the parties to the proceedings and their representatives;
3. The nature of the proceedings for which the evidence is required; and
4. The evidence to be obtained.

(*See* Ex. B, Hague Convention, art. 3.) Here, the request indicates that the Civil Court of First Instance of Sapanca in the Turkish Republic is seized of an action of debt between Plaintiff Nil Kurtdarcan, represented by Ogur Eray Tas, and Defendant Karoline Maria Theresia Aktar, represented by Abdurrahman Kartopu. The request includes the addresses of the parties and their representatives, and specifies the three pieces of evidence to be obtained. (*See* Ex. A, Turkish Court's Letter of Request.)

The United States can refuse a proper Hague Convention request only if the request "does not fall within the functions of the judiciary" or the United States "considers that its sovereignty or security would be prejudiced" by executing the request. (*See* Ex. B, Hague Convention, art. 12.) The United States Department of Justice believes neither exception applies here. (*See generally* Ex. C, OIJA Letter.) Simply put, the request seeks individual financial account information that is routinely discoverable in domestic litigation. *See, e.g., SEC v. Sassano*, 274 F.R.D. 495, 496-497 (S.D.N.Y. 2011) (compelling compliance with subpoena duces tecum to obtain financial information, including "any bank or financial account" of the defendant). If Wells Fargo has no responsive information, it can state that fact in an affidavit to the Turkish court.

### B.   28 U.S.C. § 1782 PERMITS THIS COURT TO ORDER WELLS FARGO TO RESPOND TO THE TURKISH COURT'S DISCOVERY REQUESTS

Independent of the Hague Convention, Congress has authorized federal district courts to issue discovery orders in aid of foreign proceedings. *See* 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-249 (2004) (discussing the history, purpose, and text of 28 U.S.C. § 1782). A request pursuant to section 1782 is proper if:

1. The request or letter rogatory is made by a foreign or international tribunal or other interested person;
2. The request is made to the district court of the district in which the target person resides; and
3. The request seeks the target person's testimony or statement, or the production of documents, for use in a proceeding in a foreign or international tribunal.

*See* 28 U.S.C. § 1782(a); *Intel*, 542 U.S. at 246; *In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *4 (D. Nev. May 28, 2015) (reciting the three elements of 28 U.S.C. § 1782).

PAGE 5     APPLICATION FOR ORDER APPOINTING COMMISSIONER AND COMPELLING DISCOVERY

The Turkish court's request is proper under 28 U.S.C. § 1782. It is made by a Turkish civil court; it is directed to a branch of Wells Fargo that resides in the District of Oregon; and it seeks statements and documents for use in a debt action pending in the Turkish court. This Court thus has discretion to issue an order in aid of the Turkish proceeding. *See Intel*, 542 U.S. at 246.

If this Court determines it has discretion to grant the Turkish court's request, it then turns to whether it should exercise its discretion to do so. The Supreme Court has outlined four discretionary factors district courts should consider when ruling on a Section 1782 application: (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782; (2) the nature of the foreign tribunal, the character of the proceedings abroad, and the receptivity of the foreign court to U.S. federal court assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the subpoena contains unduly intrusive or burdensome requests. *See Intel*, 542 U.S. at 264-265; *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011).

All four discretionary factors weigh in favor of granting the Turkish court's request. First, the Turkish court has no jurisdiction over Wells Fargo in Oregon, and thus cannot obtain the requested evidence without Section 1782 assistance. Second, the request was made pursuant to the Hague Convention, proving that the Turkish court is both receptive to U.S. federal court assistance and not attempting to circumvent its own proof-gathering restrictions. Finally, the request is limited in size and scope, seeking only three items of specific information material to the outcome of the foreign debt action. It is far from unduly intrusive or burdensome.

As for procedure, Section 1782 gives this Court discretion to commission a person to collect evidence and submit it to the requesting foreign court. *See* 28 U.S.C. § 1782(a) ("The order may . . . direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court."). Section 1782 empowers the court-appointed commissioner to

PAGE 6    APPLICATION FOR ORDER APPOINTING COMMISSIONER AND
         COMPELLING DISCOVERY

"administer any necessary oath and take the testimony or statement." *Id.* District courts regularly commission magistrate judges to execute Section 1782 requests. (*See* Ex. C, OIJA Letter, at p. 5 & n.4 (noting that the appointment of magistrate judges as commissioner for purposes of executing Section 1782 requests is common and approved by the Judicial Conference, citing H. Doc. No. 92-124, 92d Cong., 1st Sess., p.20 (1971).); *see also In re Judicial Assistance Pursuant to 28 U.S.C. § 1782 by Macquarie Bank Ltd.*, 2015 WL 3439103, at *2-3 (D. Nev. May 28, 2015) (discussing and approving of magistrate judge authority to decide Section 1782 motions).

## IV. CONCLUSION

The Civil Court of First Instance of Sapanca, Turkey needs this Court's assistance to obtain evidence from Wells Fargo for use in a pending civil action. This Court is authorized by treaty and by statute to appoint a commissioner and direct Wells Fargo to provide evidence in aid of the foreign proceeding. Because the Turkish court's request satisfies the elements of both the Hague Convention and 28 U.S.C. § 1782, the United States respectfully asks this Court to issue an order appointing a magistrate judge as commissioner and compelling Wells Fargo to respond to the Turkish court's request.

DATED this 16th day of July 2015.

Respectfully submitted,

BILLY J. WILLIAMS
Acting United States Attorney

_____
JARED D. HAGER
Assistant United States Attorney